United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HALEY MADSEN, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-06141 BLF (PR)<br><br>**ORDER DENYING MOTION TO DISQUALIFY JUDGE; GRANTING ADMINISTRATIVE MOTION TO UPDATE EXHIBIT TO AMENDED COMPLAINT; INSTRUCTIONS TO CLERK**<br><br>(Docket Nos. 12, 13) |

On December 26, 2023, Plaintiff, a state prisoner, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. No. 5.  Then on December 29, 2023, Plaintiff filed a motion for extension of time to file an amended complaint, Dkt. No. 8, which the Court granted.  Dkt. No. 9.  Plaintiff filed an amended complaint on January 19, 2024, Dkt. No. 10, and then another "final updated complaint prior to screening" on January 22, 2024.  Dkt. No. 11.  Then on February 14, 2024, Plaintiff filed an administrative motion to update one of the exhibits filed in support of his amended complaint.  Dkt. No. 12.

On March 4, 2024, Plaintiff filed a "submission to disqualify" the undersigned

pursuant to "USDC LCR 3-14 and 28 USC 144." Dkt. No. 13.[1] The Court will construe this filing as a motion for recusal.

Plaintiff asserts that the undersigned is biased and prejudiced against him. Dkt. No. 81 at 1. He asserts that the Court's decisions seem to be "personal and always against" him, and "always against" any substantive ruling in his favor. *Id.* He points to rulings in favor of Defendants in a different matter regarding a labor dispute. *Id.* at 2. In this matter, Plaintiff asserts that the undersigned has delayed screening the matter and "will act with prejudice knowing the subject matter is 'woman accusing man' of indecency." *Id.* He asserts that Defendant Madsen is a "white, American woman just like Freeman" and that the undersigned has "presided over numerous Criminal Defendants who are accused/found guilty of sexual crimes and has ruled against those men and sentenced them to long terms of imprisonment." *Id.* He also asserts that the assignment of his cases to the undersigned has not been impartial, and that it appears that the undersigned has "asked and demanded the clerk of the court" to assign all of Plaintiff's cases to her over the past four years. *Id.* at 3. He asserts that although he "cannot pinpoint exactly what BLF may have against [him]," he is certain that he "has not and will not receive fair and impartial rulings" in this Court. *Id.*

Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than

---

[1] He filed one document which included the case numbers for three pending matters before this Court: 20-cv-03086 BLF, 23-cv-06141 BLF, and 24-cv-00717 BLF. Dkt. No. 81. The same document was filed in each of these cases. The Court will only address the arguments therein that are relevant to this case.

2

the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.*

As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Plaintiff has failed to overcome this presumption. First of all, there has been no undue delay in screening this matter. The Court granted Plaintiff's request for an extension of time to file an amended complaint at the outset of this action. Dkt. No. 9. Thereafter, Plaintiff filed two amended complaints during January 2024, and most recently an administrative motion to update one of his exhibits on February 14, 2024. Dkt. Nos. 10, 11, 12. Accordingly, it cannot be said that the Court has unduly delayed screening his amended complaint in light of the fact that Plaintiff's several filings have been relatively recent. Furthermore, Plaintiff's concern that the Court "*will* act with prejudice" is purely speculative and based on an unfounded accusation of gender bias. Plaintiff's allegation that bias is shown by this Court's rulings against male defendants in matters involving sex crimes is also conclusory and wholly unsupported; he fails to point to even one specific case in which a male defendant's guilt was not proven beyond a reasonable doubt and the sentence imposed was not within sentencing guidelines. Accordingly, Plaintiff has failed to show that a reasonable person would perceive a significant risk that the undersigned will resolve this case on a basis other than the merits, *Clemens*, 428 F.3d at 1178, or overcome the presumption that this Court has been fair and impartial in this action, *Zagari*, 419 F. Supp. at 501.

As for the assignment of his cases, the Local Rules provide that the Clerk shall assign an action to a Judge pursuant to the Assignment Plan of the Court (General Order No. 44). N.D. Civ. L.R. 3-3(a). Furthermore, the Local Rules state that the "Clerk may not make or change any assignment, except as provided in these local rules or in the Assignment Plan." *Id.* Accordingly, this Court has no authority over how the Clerk

3

assigns cases.

Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter. This motion for recusal is **DENIED**. Dkt. No. 13.

Plaintiff's administrative motion to update one of the exhibits to his complaint is **GRANTED**. Dkt. No. 12. The Court will screen the "final" amended complaint, Dkt. No. 11, is due course.

The Clerk shall strike the amended complaint filed under Docket No. 10, which has been superseded by the subsequent filing under Docket No. 11.

This order terminates Docket Nos. 12 and 13.

**IT IS SO ORDERED.**

Dated:  __March 7, 2024_____              _____
                                               BETH LABSON FREEMAN
                                               United States District Judge

Order Denying Mot. to Disqualify Judge; Granting Adm. Mot.
PRO-SE\BLF\CR.23\06141Khan_recusal

4