1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10
11

MUHAMMAD KHAN,

Plaintiff,

12

v.

13
14

HALEY MADSEN, et al.,

Defendants.

15
16

Case No. 23-cv-06141 BLF (PR)

**AMENDED ORDER DENYING
MOTION FOR TEMPORARY
RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

(Docket No. 27)

17
18

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to

19

42 U.S.C. § 1983 against prison staff at the Correctional Training Facility ("CTF"), where

20

he is currently housed.  The "Final Amended Complaint" (FAC) filed on January 22, 2024,

21

is the operative complaint in this matter.  Dkt. No. 11.  Plaintiff's motion for leave to

22

proceed *In Forma Pauperis* was denied on March 14, 2024, such that the full filing fee was

23

due before this matter could proceed.  Dkt. No. 15.  After several extensions of time,

24

Plaintiff paid the full filing fee on May 3, 2024.  Dkt. No. 24.

25

Plaintiff filed a "notice/motions for update on screening and motion for a

26

tro/preliminary and permanent injunction."  Dkt. No. 27.  Plaintiff is advised that although

27

he filed the matter several months ago, the Court could not proceed with screening until

28

the fee matter had been resolved.  The fee having recently been paid, the Court will screen

United States District Court
Northern District of California

the matter in due course in a separate order.  The Court herein addresses Plaintiff's motion

for a temporary restraining order and permanent injunction.

## DISCUSSION

### A.     Plaintiff's Claims

In the FAC, Plaintiff alleges a series of events and circumstances since September

2019, involving allegations of harassment and several disciplinary actions based on "false"

Rules Violation Reports ("RVR") processed by Defendants.  These RVRs involved the

loss of good time credits.

Plaintiff claims he was harassed by Defendants H. Madsen and A. Stephens since

September 4, 2019, when Defendant Stephens conducted an "invasive" and sexually

abusive search of Plaintiff.   Dkt. No. 11 at 11.

Defendants Madsen began to target Plaintiff from May 2020, with "non-stop

harassment and reprisals for engaging in protected conduct."  *Id.* at 13.  He alleges that she

first falsely accused him of exposing himself during a security check.  *Id.* at 14.  This

resulted in his placement in the administrative segregation unit ("ASU") and made to wear

an Exposure Control Jumpsuit ("ECJ").  *Id.* at 15.  Plaintiff grieved his placement in ASU,

the disciplinary action, denial of his TV, and the ECJ.  *Id.* at 16.  Plaintiff claims he was

denied rights and privileges while in ASU which had unsanitary and unsafe conditions.  *Id.*

at 18.  He claims that he filed numerous grievances which were misplaced or thrown out,

so that he was unable to exhaust his claims.  *Id.* at 18.

Plaintiff also asserts that Defendant Madsen mishandled his property while packing

it for his removal to ASU on March 29, 2020.  *Id.* at 18-19.  He claims that Defendant

Madsen also falsely alleged finding a cell phone among his property.  *Id.* at 19-20.  He was

later found guilty at the disciplinary hearing on the matter.  *Id.* at 20.

Plaintiff states that after he was placed in ASU, Defendant Madsen came to his cell

with a property receipt.  *Id.* at 20.  Plaintiff refused to sign the receipt because it was not

2

correct.  *Id.*  He claims that Defendant Madsen later filed another false RVR "stating [Plaintiff] had ripped the items from [her] hands and delayed her"; Plaintiff denies this allegation.  *Id.*  Plaintiff claims that an inmate told him that Defendants Madsen and Reed were laughing and joking about "what they did" to Plaintiff, and that Defendant Reed instructed Defendant Madsen to file another fraudulent RVR against Plaintiff "to raise [Plaintiff's] points and transfer him out."  *Id.* at 21.  Defendant Reed later conducted the hearing on this RVR and denied Plaintiff due process.  *Id.*  Plaintiff appealed the matter but did not receive a response.  *Id.*

Plaintiff had a hearing on the indecent exposure RVR in April 2021, at which Lt. J. Gonzales found him guilty and denied him due process.  *Id.* at 22.  Plaintiff left for court shortly after and did not receive a final copy of the decision until his return to CTF in October 2023.  *Id.*  He states that he appealed the matter, which has not been exhausted as of the date of the amended complaint.  *Id.*

Plaintiff had a classification hearing on June 5, 2020, regarding his retention in ASU, at which he alleges he was denied due process.  *Id.* at 18.

Plaintiff claims that Defendants participated in "stacking" these three RVRs, (prepared by Defendant Madsen), which resulting in "additional points" and multiple losses of credit.  *Id.* at 22.  He asserts that but for these false RVRs, he would not be serving an additional 90 days for indecent exposure and 61 days for the possession of a cell phone.  *Id.* at 23.  He asserts that he should get no more than 30 days loss of good time credits.  *Id.*

Plaintiff claims the following, among other allegations: (1) Defendant Stephens violated the Fourth and Eighth Amendments based on her actions during the invasive search; (2) Defendant Warden Koenig failed to act in response to or to prevent the actions of Defendants Stephens and Madsen; (3) Defendant Madsen violated the First Amendment by retaliating against him in various ways; (4) Defendant Madsen violated the Fourteenth Amendment in the handling of his property; (5) Defendant Madsen violated Plaintiff's

First Amendment right to freedom of religion by disposing of his religious materials; (6)

Defendant Madsen violated the Fourth Amendment by her unreasonable search and seizure

of his cell; (7) Defendant Madsen violated due process by placing Plaintiff in ASU without

a hearing; Defendant Reed violated due process during the disciplinary proceedings; (8)

Defendant Bojorquez violated due process during the disciplinary proceedings and acted in

retaliation; (9) Defendant Ramon violated the Eighth Amendment in forcing Plaintiff to

wear the ECJ; (10) Defendant Galvan violated Plaintiff's First Amendment rights while he

was in county jail; (11) Defendant Monroy violated the First Amendment and due process

with regard to Plaintiff's grievances; and (12) Defendant Gonzalez violated due process

and acted in concert with Defendant Madsen to retaliate against him during the

disciplinary proceedings.  *Id.* at 29-33.

### B.    Motion for TRO or Preliminary/Permanent Injunction

Plaintiff seeks a court order for a rehearing on "RVR Log 7003213 as grieved and

exhausted on OCG Log 478844, as well as in OCG Log 503324."  Dkt. No. 27 at 1.

Plaintiff asserts that new evidence was discovered after the fact.  *Id.*  He asserts that he is

unlawfully imprisoned and serving time for the fraudulent RVRs.  *Id.*

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a

preliminary injunction or temporary restraining order ("TRO").  Prior to granting a

preliminary injunction, notice to the adverse party is required.  *See* Fed. R. Civ. P.

65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the

parties to the action are served.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

Accordingly, the motion for a preliminary injunction shall not be decided until Defendant

has been served in this action and given an opportunity to be heard.

On the other hand, a TRO may be granted under Rule 65(b) without written or oral

notice to the adverse party or that party's attorney *only if*: (1) it clearly appears from

specific facts shown by affidavit or by the verified complaint that immediate and

irreparable injury, loss or damage will result to the applicant before the adverse party or

United States District Court
Northern District of California

the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in

writing the efforts, if any, which have been made to give notice and the reasons supporting

the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should

not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"

*Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis

in original).  The standard for issuing a TRO is similar to that required for a preliminary

injunction.  *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004,

1008 (9th Cir. 1981) (Ferguson, J., dissenting).  "A plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest."  *Winter v. Natural Resources*

*Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  Where the court concludes the movant has

failed to show a likelihood of success on the merits, the court, in its discretion, need not

consider whether the movant would suffer irreparable injury.  *Guzman v. Shewry*, 552 F.3d

941, 948 (9th Cir. 2009).

Here, Defendants have not been served in this action, and Plaintiff does not indicate

that he has otherwise notified them of the claims in this matter under Rule 65(b), i.e.,

certified in writing the efforts, if any, which have been made to give notice and the reasons

supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b)(1)(B).

Plaintiff asserts that he filed a grievance which notified Defendants that he wishes to

pursue a TRO/Preliminary injunction.  Dkt. No. 27 at 2.  However, there is no indication

that the specific Defendants named in this action are aware of this grievance so that it can

be said that they have been properly noticed.  Moreover, the grievance addresses

"respondents" and does not identify any specific Defendant in this action such that it

would have been brought to their attention.  *Id.* at 3.

Furthermore, Plaintiff has failed to establish all the factors under *Winter* to warrant

United States District Court
Northern District of California

a TRO at this time.  With regard to the first *Winter* factor, Plaintiff asserts that he is likely to succeed on the merits because the "law allows for rehearing on new since discovery evidence." Dkt. No. 2 at 3.  However, this complaint involves the loss of good time credits which is in the province of habeas corpus.  *Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).  A challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release."  *See Skinner v. Switzer*, 561 U.S. 521, 525 (2011).  Accordingly, the portion of this action which challenges those RVRs involving time credits must be dismissed to filing as a habeas action.  Furthermore, due to the passage of time since the underlying events occurred in 2020, Plaintiff would also have to establish that his claims are not time-barred.  As such, the Court is not persuaded that Plaintiff has shown likelihood of success of those claims in this action.

Having failed to establish all the *Winter* factors, it cannot be said that Plaintiff has established *by a clear showing* that he merits the granting of the extraordinary remedy of a preliminary injunction.  *See Lopez*, 680 F.3d at 1072.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for a TRO and preliminary injunction is **DENIED** as without merit.  Dkt. No. 27.

This order terminates Docket No. 27.

**IT IS SO ORDERED.**

Dated:  ___June 11, 2024_____                    _____

BETH LABSON FREEMAN
United States District Judge

Amended Order Denying TRO
PRO-SE\BLF\CR.24\06141Khan_deny.tro

6