UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MUHAMMAD KHAN,

    Plaintiff,

v.

HALEY MADSEN, et al.,

    Defendants.

Case No. 23-cv-06141 BLF (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility ("CTF"), where he is currently confined. Dkt. No. 5. The "final amended complaint" ("FAC") filed on January 22, 2024, is the operative complaint in this action. Dkt. No. 11. Plaintiff recently paid the full filing fee as directed. Dkt. Nos. 15, 24. Accordingly, the Court proceeds herein with an initial review of the FAC.

## DISCUSSION

**A.**   **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

In the FAC, Plaintiff alleges a series of events and circumstances since September 2019, involving allegations of harassment and several disciplinary actions based on "false" Rules Violation Reports ("RVR") processed by Defendants. These RVRs involved the loss of good conduct credits which Plaintiff challenges.

Plaintiff first claims he was harassed by Defendant A. Stephens on September 4, 2019, when Defendant conducted an "invasive" and sexually abusive search of Plaintiff. Dkt. No. 11 at 11.

Plaintiff claims Defendants H. Madsen began to target him since May 2020, with "non-stop harassment and reprisals for engaging in protected conduct." *Id.* at 13. He alleges that she first falsely accused him of exposing himself to her while masturbating during a security check. *Id.* at 14. This resulted in his placement in the administrative segregation unit ("ASU") and being forced to wear an Exposure Control Jumpsuit ("ECJ"). *Id.* at 15. Plaintiff grieved his placement in ASU, the disciplinary action, denial of his TV, and the ECJ. *Id.* at 16. Plaintiff claims he was denied rights and privileges while in ASU which had unsanitary and unsafe conditions. *Id.* at 18. He claims that he filed numerous grievances which were misplaced or thrown out, so that he was unable to exhaust his claims. *Id.* at 18.

2

Plaintiff also asserts that Defendant Madsen "trashed" and disposed of his property while packing it for his removal to ASU on March 29, 2020. *Id.* at 18-19. He claims that Defendant Madsen also falsely alleged finding a cell phone among his property. *Id.* at 19-20. He was later found guilty at the disciplinary hearing on the matter. *Id.* at 20.

Plaintiff states that after he was placed in ASU, Defendant Madsen came to his cell with a property receipt. *Id.* at 20. Plaintiff refused to sign the receipt because it was not correct. *Id.* He claims that Defendant Madsen later filed another false RVR "stating [Plaintiff] had ripped the items from [her] hands and delayed her"; Plaintiff denies this allegation. *Id.* Plaintiff claims that an inmate told him that Defendants Madsen and Reed were laughing and joking about "what they did" to Plaintiff, and that Defendant Reed instructed Defendant Madsen to file another fraudulent RVR against Plaintiff "to raise [Plaintiff's] points and transfer him out." *Id.* at 21. Defendant Reed later conducted the hearing on this RVR and denied Plaintiff due process. *Id.* Plaintiff appealed the matter but did not receive a response. *Id.*

Plaintiff had a hearing on the indecent exposure RVR in April 2021, at which Defendant Lt. J. Gonzales found him guilty and denied him due process. *Id.* at 22. Plaintiff left for court shortly after and did not receive a final copy of the decision until his return to CTF in October 2023. *Id.* He states that he appealed the matter, which has not been exhausted as of the date of the FAC. *Id.*

Plaintiff had a classification hearing on June 5, 2020, regarding his retention in ASU, at which he alleges he was denied due process. *Id.* at 18.

Plaintiff claims that Defendants participated in "stacking" these three RVRs, (prepared by Defendant Madsen), which resulting in "additional points" and multiple losses of credit. *Id.* at 22. He asserts that but for these false RVRs, he would not be serving an additional 90 days for indecent exposure and 61 days for the possession of a cell phone. *Id.* at 23. He asserts that he should get no more than 30 days loss of good time credits. *Id.*

3

Plaintiff also asserts that the litigation coordinator, Enrique Galvan, would not allow him a call with his attorney but insisted that they communicate via mail. *Id.* at 17. Furthermore, Defendant Galvan prevented Plaintiff from retrieving his legal property from CTF while he was out to court in Santa Clara County. *Id.* at 25. Plaintiff claims that when his attorney and family tried to access his stored paperwork, Defendant Galvan denied that CTF had Plaintiff's paperwork in storage. *Id.* Plaintiff claims Defendant Galvan prevented him from having meaningful access to the courts and caused the delay in filing this action. *Id.*

Based on the above allegations and others, Plaintiff lists twenty-eight counts as his causes of action. Dkt. No. 11 at 29-33. Among the claims are the following: (1) Defendant Stephens violated the Fourth and Eighth Amendments based on her actions during the invasive search; (2) Defendant Warden Koenig failed to act in response to or to prevent the actions of Defendants Stephens and Madsen; (3) Defendant Madsen violated the First Amendment by retaliating against him in various ways; (4) Defendant Madsen violated the Fourteenth Amendment in the handling of his property; (5) Defendant Madsen violated Plaintiff's First Amendment right to freedom of religion by disposing of his religious materials; (6) Defendant Madsen violated the Fourth Amendment by her unreasonable search and seizure of his cell; (7) Defendant Madsen violated due process by placing Plaintiff in ASU without a hearing; Defendant Reed violated due process during the disciplinary proceedings; (8) Defendant Bojorquez violated due process during the disciplinary proceedings and acted in retaliation; (9) Defendant Ramon violated the Eighth Amendment in forcing Plaintiff to wear the ECJ; (10) Defendant Galvan violated Plaintiff's First Amendment rights while he was in county jail; (11) Defendant Monroy violated the First Amendment and due process with regard to Plaintiff's grievances; and (12) Defendant Gonzalez violated due process and acted in concert with Defendant Madsen to retaliate against him during the disciplinary proceedings. *Id.* at 29-33. Plaintiff seeks damages as well as declaratory, injunctive, and equitable relief. *Id.* at 6. He also

4

requests "suspension of loss of credits and loss of good conduct credits." *Id.*

There are several problems with this amended complaint.

### 1. Habeas Jurisdiction

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." *Id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). But a challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would "necessarily spell speedier release." *Id.* at 525.

Here, Plaintiff is challenging several disciplinary hearings that resulted in the loss of good conduct credits. If he succeeds on those claims and the times credits are restored, that would "necessarily spell speedier release." *Id.* Accordingly, those claims should be brought as a petition for a writ of habeas corpus rather than a § 1983 action. *Id.*

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a

5

petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, Plaintiff may seek relief for the alleged violation of due process in connection with his disciplinary hearings by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Lastly, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *Heck* also bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996). Accordingly, Plaintiff may only pursue a claim for damages in connection with the unlawful deprivation of time credits *if* he prevails on the habeas action challenging the revocation of those credits.

Based on the foregoing, all claims that challenge the disciplinary actions resulting in the loss of good conduct credits must be dismissed without prejudice to filing in a separate habeas action. This includes the claims against Defendant Madsen for authoring the RVRs as well as against any Defendant involved in the subsequent disciplinary hearing and appeals on the matters.

2.      **Section 1983 Claims**

Plaintiff's lengthy FAC also includes allegations regarding conditions of confinement that would not "necessarily spell speedier release," and therefore may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34. Plaintiff asserts that he attempted to file administrative grievances which were "ignored and/or never responded to and/or never received by [Plaintiff] through the OCG at CTF." Dkt. No. 11 at 26. He also asserts that

he is entitled to equitable and statutory tolling due to Defendants' actions and his being out to court. *Id.* However, even if exhaustion and timeliness were not at issue, not all of Plaintiff's claims are sufficiently plead or state a cognizable claim.

### a. Bodily Privacy

Plaintiff's claim that Defendant Stephens conducted an "invasive" search that amounted to sexual assault on September 4, 2019, implicates the Eight Amendment. *See e.g., Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc) (cross-gender strip search that involves touching inmate's genitalia and searching his anus is unreasonable as a matter of law in a non-emergency situation). Prisoners have a constitutional right to be free from sexual harassment. *Sampson v. County of Los Angeles*, 974 F.3d 1012, 1023 n. 6 (9th Cir. 2020) (citing *Wood v. Beauclair*, 692 F.3d 1041, 1046, 1048-51 (9th Cir. 2012) (prisoners protected under 8th Amendment)). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood*, 692 F.3d at 1046 (citations omitted). In evaluating a prisoner's claim of sexual harassment or abuse, courts consider whether "the officials act[ed] with a sufficiently culpable state of mind" and if the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation. *Id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment if the alleged sexual harassment was sufficiently harmful, i.e., a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *See Thomas v. District of Columbia*, 887 F. Supp. 1, 3-4 (D.D.C. 1995) (citing *Hudson*, 503 U.S. at 6, 8) (internal quotations and citation omitted). "A prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130,

7

1144 (9th Cir. 2020). "[A]ll of the elements of a Section 1983 sexual assault claim are established if a prisoner proves that a sexual assault occurred." *Id.* at 1145.

Plaintiff's allegations are insufficient to state a sexual assault claim because he fails to allege that Defendant Stephens acted without legitimate penological justification in conducting the search. Furthermore, there are no allegations regarding Defendant Stephens' state of mind to establish an Eighth Amendment sexual assault claim, i.e., that she acted for her own sexual gratification, or for the purpose of humiliating, degrading, or demeaning Plaintiff. Lastly, Plaintiff makes no allegation regarding the harm he suffered due to this incident.

### b. Property

Second, Plaintiff attempts to state a property claim against Defendant Madsen for allegedly trashing and disposing of some of his property while moving Plaintiff to ASU. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Only if the deprivation was not random and unauthorized, but the result of "established state procedure" could Plaintiff state a cognizable due process claim against Defendant Madsen. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982). However, Defendant Madsen's actions, as

8

alleged, appear to be random and unauthorized, and therefore not cognizable under § 1983.[1]  Furthermore, Plaintiff alleges that he received a proposed settlement from the prison which is still pending. *Id.* at 19.  Accordingly, it is unclear what further relief he seeks to obtain for this action.

### c.  Religious Freedom

Plaintiff claims that Defendant Madsen disposed of his religious material so that he was unable to properly worship, resulting in the denial of his First Amendment right to free exercise of religion.  Dkt. No. 11 at 19.  For a prisoner to establish a free exercise violation, he must show that a prison regulation or official burdened the practice of his religion without any justification reasonably related to legitimate penological interests.  *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008).  However, Plaintiff fails to allege what specific religious material was taken and how the lack of such material burdened the practice of his religion to state a cognizable claim.

### d.  ASU Conditions and Retention

Plaintiff also alleges that conditions in ASU were unsanitary and unsafe, which implicates the Eighth Amendment.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The Amendment imposes duties on officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  *Id.* at 832.  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the

---

[11] Due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of.  *See Zimmerman*, 255 F.3d at 739 (holding that a due process challenge to the deprivation of property may go forward where (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing officer was delegated the power and authority to effect the very deprivation complained of; and (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994).

9

prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Plaintiff claims he was denied law library access for three weeks, regular phone calls for three weekends, proper fitting clothing, and his "durable medical equipment." Dkt. No. 11 at 18. However, Plaintiff does not identify the "prison official" who subjected him to these conditions and is thereby liable.

Furthermore, Plaintiff claims that he was denied due process during the ASU retention hearing because he was not given an opportunity to present a defense and denied witnesses. *Id.* Following placement in administrative segregation, prison officials must engage in some sort of periodic review of the inmate's confinement. *See Hewitt v. Helms*, 459 U.S. 460, 477 n.9; *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir. 1986). Due process is satisfied if the decision to segregate the inmate is reviewed by prison officials every 120 days, *see Toussaint v. McCarthy*, 926 F.2d 800, 803 (9th Cir. 1990), *cert. denied*, 502 U.S. 874 (1991), and the review amounts to more than "meaningless gestures," *see Toussaint v. Rowland*, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989) (citing *Toussaint v. McCarthy*, 801 F.2d at 1102). There is no right to present a defense or witnesses at such a periodic review. Accordingly, unless Plaintiff can allege that the review amounted to nothing more than "meaningless gestures," he cannot state a due process claim on these facts.

e. **Access to the Courts**

Plaintiff also claims Defendant Enrique Galvan interfered with his ability to speak with his attorney and prevented him from retrieving his legal property from CTF while he was out to court in Santa Clara County. Dkt. No. 11 at 25. Plaintiff claims Defendant Galvan's actions denied him meaningful access to the courts and caused delay in filing this case. *Id.*

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that

10

there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354-55. The prisoner must describe the underlying non-frivolous claim well enough to show that "the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (footnote omitted). Plaintiff's claim is deficient because he has failed to allege any actual injury due to Defendant Galvan's actions. If he wishes to base this claim on the delayed filing of the instant action and the non-frivolous claims herein, it is not yet ripe because the matter is still proceeding.

Even if Plaintiff were to amend and correct the deficiencies of all the claims above, he cannot proceed on these mis-joined claims as discussed below.

### 3. Joinder

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). Furthermore, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

11

Therefore, under Rule 18(a), Plaintiff may join multiple claims against Defendant Madsen, i.e., the property and religious freedom claims. However, under Rule 20(a), he may only join the other Defendants in the same action if his right to relief is asserted against all of them jointly or severally, or his claims arise out of the same transaction, occurrence, or series of transactions or occurrences. The claims discussed above are clearly not related. For example, Plaintiff's sexual assault claim against Defendant Stephens took place six months before his property claim against Defendant Madsen, and neither of these defendants were involved in the other's actions. Nor is there any indication that either of these Defendants were involved in the unconstitutional conditions in the ASU or the decision to retain him in ASU. Lastly, Plaintiff's access to the courts claim against Defendant Galvan is also unrelated to any of these other claims. Accordingly, unless Plaintiff files an amended complaint that complies with Rules 18(a) and 20(a), this action must be dismissed as containing mis-joined claims.

### 4. Second Amended Complaint

Plaintiff shall be granted one opportunity to correct the deficiencies discussed above. Plaintiff should keep the following in mind in preparing a second amended complaint. First, he must not include any claim challenging the loss of good conduct credits through disciplinary proceedings. He must file such claims in a new and separate habeas action. Second, he must not join in this action any claims that violate Rules 18(a) and 20(a) as discussed above. Furthermore, if Plaintiff wishes to pursue any of the claims identified above in this action, he must be sure to correct any deficiencies of the claim as discussed above.

Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally

12

required to do, that causes the deprivation of which the plaintiff complaints.  *See Leer*, 844 F.2d at 633.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint to correct the deficiencies described above.  The second amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-06141 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  The second amended complaint supersedes the original and amended complaints, which will be treated thereafter as non-existent.  *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Consequently, claims not included in the second amended complaint are no longer claims and defendants not named therein are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in the dismissal of this action for violating Rules 18(a) and 20(a).**

3. The Clerk shall include two copies of the court's complaint and two copies of the court's form petition with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: __June 12, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.23\06141Khan_dwlta

13