UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MUHAMMAD KHAN,

    Plaintiff,

v.

HALEY MADSEN, et al.,

    Defendants.

Case No. 23-cv-06141 BLF (PR)

**ORDER OF PARTIAL DISMISSAL; OF SERVICE**

Plaintiff, a state prisoner at the outset of this action, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility ("CTF"), where he previously confined. Dkt. No. 5. The Court screened the "final amended complaint" ("FAC"), Dkt. No. 11, and dismissed it with leave to amend. Dkt. No. 30. When Plaintiff failed to file a second amended complaint in the time provided, the Court dismissed the action and entered judgment. Dkt. Nos. 33, 34. The Court recently found good cause to reopen the matter, after being notified of Plaintiff's parole status and move out-of-state. Dkt. No. 45. The Court will proceed to screen the "bifurcated" complaint filed by Plaintiff in response to the Court's screening order. Dkt. Nos. 41-44.

///

# DISCUSSION

## I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Claims

In the FAC, Plaintiff alleged a series of events and circumstances since September 2019, involving allegations of harassment and several disciplinary actions based on "false" Rules Violation Reports ("RVR") processed by Defendants. Dkt. No. 11. These RVRs involved the loss of good conduct credits which Plaintiff challenges. *Id.* The allegations also challenged his confinement in the ASU and the conditions therein as part of the disciplinary proceedings. *Id.* The Court dismissed the FAC based on several grounds: the claims challenging the disciplinary actions that resulted in the loss of good time credits must be filed in a separate habeas action since Plaintiff was a prisoner at the time; the allegations were deficient with respect to his claims involving sexual assault, property, religious freedom, placement and conditions in the ASU, and access to the courts; and misjoinder of parties and claims. Dkt. No. 30. Plaintiff was ordered not to include misjoined claims in this action but to file them in separate actions. It appears that he did not understand that requirement.

2

Instead, Plaintiff filed two "bifurcated" complaints which he names "Madsen 1" (Dkt. Nos. 41, 43), and "Madsen II," (Dkt. Nos. 42, 44). Plaintiff states that he removed the claims from the FAC against Defendants A. Stephens (sexual assault) and Galvan (access to the courts) as mis-joined. Dkt. No. 41 at 1.

These "second amended complaints" are essentially identical to the FAC, but include a new cover page, crosses out irrelevant Defendants from each, and new "Causes of Action" pages at the end. *See* Dkt. No. 41 at 2, 3-4, 24-29; Dkt. No. 42 at 2, 3-4, 24-27.[1] The Court will screen these complaints, focusing first on the "Causes of Action" and then referring to the "factual allegations" for support.

### A.     "Madsen I"

Plaintiff first claims that Defendant Warden Craig Koenig "knew of the actions of his officers… and failed to take requisite action and/or failed to prevent the actions/omissions described herein as deliberate indifference in violation of the 8th Amendment." Dkt. No. 41 at 24, ¶ 1. His factual allegations assert that Defendant Koenig was the warden who is "vicariously liable for the actions/omissions of his officers and supervisors." *Id.* at 19, ¶ 124. However, there is no vicarious liability under section 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-84 (2009). Furthermore, under no circumstances is there respondeat superior liability under section 1983. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). Accordingly, this claim against Defendant Koenig must be dismissed with prejudice for failure to state a claim.

Plaintiff next alleges several claims against Defendant H. Madsen: (1) retaliation for filing grievances by falsely accusing him of indecent exposure (Count Two); (2) acting in

---

[1] Plaintiff also filled out the court's form complaint for each pleading, which were separately filed under Docket Nos. 43 ("Madsen I") and 44 ("Madsen II").

3

retaliation with respect to his property; (Count Three); (3) violating due process by confiscating his property under authorized procedures (County Four); (4) violating his right to the free exercise of his religion by the confiscation of specific religious material (Count Five); (5) violation of his Fourth Amendment right to be free from unreasonable searches and seizures of his cell (Count Six); and (6) violation of due process in his ASU placement without a hearing in violation of *Wolff v. McDonnell*, 18 U.S. 538 (1974) (Count Seven). Dkt. No. 41 at 24-25, ¶¶ 2-7. The Court finds that Plaintiff's allegations are sufficient to state the following claims against Defendant Madsen: (1) retaliation by charging him with a false RVR and the destruction of property (Counts Two and Three); (2) violation of due process in the authorized confiscation of property (Count Four); and (3) violation of his right to the free exercise of religion (Count Five).

On the other hand, Plaintiff cannot proceed with the Fourth Amendment claim and the due process regarding his placement in the ASU (Counts Six and Seven) against Defendant Madsen. First of all, there is no legitimate subjective expectation of privacy that a prisoner might have in his prison cell and, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Therefore, this Fourth Amendment claim must be dismissed with prejudice for failure to state a claim for relief. Secondly, his claim that Defendant Madsen placed him in the ASU without a hearing on May 29, 2020, is not supported by any allegations in the complaint, wherein he simply states that he was "taken to ASU, processed, placed for a ASU term." Dkt. No. 41 at 9, ¶ 60, 61. Although the allegations indicate that Defendant Madsen authored the RVR charging Plaintiff with indecent exposure, there are otherwise no allegations that she was responsible for his placement in the ASU or the failure to hold a hearing. Accordingly, this claim must be dismissed for failure to state a claim. Because Plaintiff has already been granted an opportunity to amend, he will not be granted another opportunity to correct the deficiency of this claim. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830

4

(9th Cir. 2003) (district court has broad discretion to deny leave to amend where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Plaintiff next claims that Defendant J. Reed conspired with Defendant Madsen in retaliating against him by placing him in ASU, charging him with "additional fraudulent RVRs," and finding him guilty. Dkt. No. 41 at 25, ¶ 8 (Count Eight). These additional RVRs included one by Defendant Madsen accusing Plaintiff of ripping items from her hands and delaying her on May 30, 2020. *Id.* at 15-16, ¶¶ 100, 102. Plaintiff also claims Defendant Reed denied him due process at the disciplinary hearing for the RVR. *Id.* at 16, ¶ 103 (Count Nine).[2] These allegations are sufficient to state retaliation and due process claims against Defendant Reed.

Plaintiff claims Defendant Bojorquez acted in concert with the other Defendants in taking reprisals against him, and violated due process during the RVR hearing on a charge that Plaintiff possessed a cell phone by Defendant Madsen. Dkt. No. 41 at 25, ¶¶ 10, 11 (Counts Ten and Eleven). These allegations are sufficient to state retaliation and due process claims against Defendant Bojorquez.

Lastly, Plaintiff claims Defendant Gonzales acted in concert with Defendant Madsen, which was obvious from his comments at the disciplinary hearing on the charge of indecent exposure and denied him due process at the hearing. *Id.* at 25, ¶¶ 12, 13 (Counts Twelve and Thirteen). These allegations are sufficient to state retaliation and due process claims against Defendant Gonzales.

Plaintiff also lists the CDCR and Does 1-25 as defendants in the complaint but states no cause of action against them. Dkt. No. 41 at 4, 24-25. Accordingly, these defendants shall be terminated from this action as there are no claims against them, and

---

[2] Because Plaintiff is no longer incarcerated, it would be futile to file these due process claims separately in a habeas action as success on these claims would not affect the duration of his confinement.

Plaintiff shall not be granted another opportunity to amend to do so. *See Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261.

### B. "Madsen II"

Plaintiff states that he filed two "bifurcated" complaints to separate claims that could not be joined, pursuant to the Court's order. Dkt. No. 42 at 1. Accordingly, this "second amended complaint/bifurcation" should clearly be filed as a separate action. *Id.* at 2. The list of causes of action attached to this filing indicates that Plaintiff wants to pursue separate claims against Defendants Roland Ramon, Enrique Galvan, Raul Monroy, Jr., Haley Madsen, and Does 1-25. *Id.* at 2, 24. The Court addresses these claims below.

Plaintiff first claims that Defendant Ramon violated his Eighth Amendment rights by forcing him to wear an "IEX" or "ECJ" jumpsuit while in the ASU, which he describes as a "full body 'michelin man' style covering that is placed on by staff and literally padlocked behind the neck." Dkt. No. 42 at 10 (Counts One and Two). This jumpsuit was imposed due to the indecent exposure charge by Defendant Madsen. *Id.* Plaintiff alleges Defendant Ramon denied his request for the suit to be removed. *Id.* at 11. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Here, the allegations are insufficient to establish both these elements, i.e., that the imposition of the jumpsuit was an objectively, sufficiently serious deprivation *and* that Defendant Ramon had the requisite state of mind, i.e., was deliberately indifferent to Plaintiff's basic needs. Accordingly, Plaintiff may pursue this claim against Defendant Ramon in a separate action but must cure this deficiency in the initiating complaint.

Plaintiff also claims Defendant Galvan violated his rights under the First Amendment to access to the courts by denying him interviews with his attorney in a confidential setting. Dkt. No. 42 at 24 (Count Three). According to the factual

6

allegations, Plaintiff states Defendant Galvan insisted that Plaintiff and his attorney communicate via email. *Id.* at 12.[3] However, to establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354-55. The prisoner must describe the underlying non-frivolous claim well enough to show that "the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (footnote omitted). Here, Plaintiff does not allege any actual injury, e.g., inability to file a complaint or defend against a charge, due to Defendant Galvan's actions. *See Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004). Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982). Accordingly, Plaintiff must also correct the deficiency of this claim when raising it in a separate action.

Plaintiff claims that Defendant Monroy violated his First Amendment rights "by refusing to accept his grievances, to answer his requests and letters, and denying him the grievance process at CTF," as well as his due process rights by refusing to let him participate in the grievance process and failing to respond to his grievances. Dkt. No. 42 at 24 (Counts Four and Five). Plaintiff has the right under the First and Fourteenth Amendments to litigate claims challenging conditions of his confinement to conclusion

---

[3] A prisoner's right of meaningful access to the courts includes contact visitation with his counsel. *See Ching v. Lewis*, 895 F.2d 608, 609-10 (9th Cir. 1990) (adopting reasoning in *Dreher v. Sielaff*, 636 F.2d 1141 (7th Cir. 1980)). And an opportunity to communicate privately with counsel is an important part of that meaningful access. *See Dreher*, 636 F.2d at 1143. But this right may be limited if prison officials can show that limitations are "reasonably related to legitimate penological interests." *Casey v. Lewis*, 4 F.3d 1516, 1520 (9th Cir. 1993).

without active interference by prison officials. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103-04. However, Plaintiff must still plead actual injury. *See Lewis*, 518 U.S. at 351. Plaintiff must correct this deficiency when raising this claim in a new action.

Plaintiff also claims that Defendant Madsen violated his Eighth Amendment rights when she trashed his "durable medical equipment" which was provided to Plaintiff "to help with his conditions and to stabilize, prevent, and reduce pain, help with vision, help him walk, and other ailments." Dkt. No. 42 at 24 (Counts Six and Seven). In the factual allegations, Plaintiff identifies some of these items as "shoes, insoles, and AFO," which he alleges were denied to him in the ASU. *Id.* at 13. However, nowhere in the factual allegations does Plaintiff state that Defendant Madsen intentionally and specifically destroyed his medical equipment. Rather, his allegations regarding Defendant Madsen's confiscation/destruction of his property were already addressed above, under "Madsen I." *See supra* at 3-4. Accordingly, this claim is conclusory and not supported by any specific facts. Furthermore, the Court already found Plaintiff stated a cognizable claim against Defendant Madsen for her wrongful handling of his property as discussed above, and therefore there is no need to pursue this claim in a separate action. Nor will he be granted leave to amend to attempt to state an Eighth Amendment claim against Defendant Madsen as he has already been granted one such opportunity. *See Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261.

Lastly, Plaintiff claims Does 1-25 are responsible for the unsafe and unsanitary conditions in the ASU, as well as the denial of phone calls and law library access. Dkt. No. 42 at 24 (Counts Eight, Nine, and Ten). Plaintiff may attempt to pursue such claims in a separate action. However, Plaintiff is reminded that he must establish that such claims are properly joined with any other claims raised in the new action.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

8

1. With regard to the complaint filed as "Madsen I," the following claims are **DISMISSED with prejudice** for failure to state a claim: (1) vicarious liability claim against Defendant Craig Koenig (County One); (2) the Fourth Amendment claim against Defendant Madsen (County Six); and (3) due process claim regarding his placement in the ASU against Defendant Madsen (Count Seven). Furthermore, Defendants CDCR and Does 1-25 shall be dismissed from this action because there are no claims against them. Defendant Koenig shall also be terminated from this action.

This action shall proceed on the following claims: (1) retaliation claim against Defendant Madsen for charging Plaintiff with a false RVR and destroying his property (Counts Two and Three); (2) violation of due process in the authorized confiscation of property against Defendant Madsen (Count Four); (3) violation of his right to the free exercise of religion against Defendant Madsen (Count Five); (4) retaliation claim against Defendant Reed for placing him in ASU and charging him with additional fraudulent RVRs (Count Eight); (5) due process violation against Defendant Reed during the hearing on the delaying a peace officer charge (Count Nine); (6) retaliation claim against Defendant Bojorquez for acting in concert with other Defendants (Count Ten); (7) due process violation during the hearing on the cell phone possession charge (Count Eleven); (8) retaliation claim against Defendant Gonzales (Count Twelve); and (9) due process violation against Defendant Gonzales during the hearing on the incident exposure charge (Count Thirteen).

2. Plaintiff's claims under "Madsen II" shall be **DISMISSED without prejudice** from this action as improperly joined under Federal Rules of Civil Procedure 18(a) and 20(a). Dkt. Nos. 42, 44. Plaintiff may file these claims in a separate action, keeping in mind to correct the deficiencies discussed above. *See supra* at 6-8.

3. The following Defendants shall be served at CTF:

    a. **Correctional Officer Haley Madsen**

    b. **Lt. Jenee Reed**

      c.      Lt. Jesus P. Bojorquez

      d.      Lt. Jose Gonzales

**The Clerk shall terminate all other defendants from this action as all other claims have been dismissed from this action.**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, **Dkt. Nos. 41, 43**, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

4.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

10

a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

12. The Clerk shall include two copies of the court's form complaint along with the non-prisoner *In Forma Pauperis* Application with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: _February 19, 2025_____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Partial Dismissal; of Service
PRO-SE\BLF\CR.23\06141Khan_screen.SAC.svc